IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION



| | | |
|---|---|---|
| MARCUS VINCENT BELL, <br> TDCJ #1462980, <br><br> Plaintiff, <br><br> v. <br><br> FORT BEND COUNTY JAIL, *et al.*, <br><br> Defendants. | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | <br><br><br><br><br> CIVIL ACTION NO. H-09-1745 |

## **MEMORANDUM AND ORDER**

The plaintiff, Marcus Vincent Bell (TDCJ #1462980, former TDCJ #1055241, #967783, #666327) is a state inmate in the Texas Department of Criminal Justice - Correctional Institutions Division (collectively, "TDCJ"). Bell has filed a *pro se* civil rights complaint against Fort Bend County and Liberty County, Texas, concerning the conditions of his confinement at the Liberty County Jail. Bell proceeds *in forma pauperis* and, at the Court's request, he has provided a more definite statement of his claims. (Doc. # 7). After reviewing all of the pleadings as required under 28 U.S.C. § 1915A, the Court concludes that Bell's complaint against Liberty County must be transferred and that his remaining claims against Fort Bend County must be dismissed for reasons that follow.

I.   **BACKGROUND**

Public records reflect that Bell is presently in state prison as the result of his August 2007 conviction for aggravated robbery in Fort Bend County cause number 46133A. Bell is also incarcerated as the result of a September 2007 conviction for aggravated robbery in

Harris County cause number 1101609. Bell does not challenge any of his convictions here. Instead, Bell complains about the conditions of his confinement while he was a pretrial detainee at the Liberty County Jail in June of 2007.

In a civil rights complaint that is dated May 29, 2009, Bell reports that he was transferred from Fort Bend County to the Liberty County Jail in May of 2007, due to overcrowded conditions at the Fort Bend County Jail. While in custody at the Liberty County Jail in June of 2007, Bell contends that he was forced to sleep on the floor because "there were no empty beds." Bell complains that, while sleeping on the floor at the Liberty County Jail facility, he sustained third degree burns on his "right lower leg" after another inmate tripped and spilled hot water on him. Bell complains that was denied adequate medical care for the injury that he sustained because officials at the Liberty County facility refused to send him to an emergency room and did not have sufficient staff on duty. After Bell complained about receiving inadequate medical care, he was sent back to the Fort Bend County Jail in late June of 2007, where he was housed in the infirmary. Bell seeks $250,000 in compensatory damages for the injuries he sustained while in custody at the Liberty County Jail.

## II. STANDARD OF REVIEW

The complaint in this case is governed by the Prison Litigation Reform Act (the "PLRA"), which mandates the dismissal of a prisoner's civil rights complaint under the following circumstances. Upon initial screening of a prisoner civil rights complaint, the PLRA requires a district court to scrutinize the claims and dismiss the complaint, in whole

2

or in part, if it determines that the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted;" or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). A reviewing court may dismiss a complaint for these same reasons "at any time" where a party proceeds *in forma pauperis*. 28 U.S.C. § 1915(e)(2)(B) (mandating dismissal where the complaint is "frivolous or malicious," "fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief"). The PLRA also provides that the court "shall on its own motion or on the motion of a party dismiss an action" if it is satisfied that the complaint is "frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief." 42 U.S.C. § 1997e(c).

"A district court may dismiss as frivolous the complaint of a prisoner proceeding IFP if it lacks an arguable basis in law or fact." *Geiger v. Jowers*, 404 F.3d 371, 373 (5th Cir. 2005). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997). A review for failure to state a claim is governed by the same standard used to review a dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Newsome v. EEOC*, 301 F.3d 227, 231 (5th Cir. 2002) (citing *Moore v. Carwell*, 168 F.3d 234, 236 (5th Cir. 1999) (citation omitted)). Under this standard, "[t]he complaint must be liberally construed in favor of the plaintiff, and all facts pleaded in the complaint must be taken as true." *Collins v. Morgan*

3

*Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). Nevertheless, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1964-65 (2007) (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). A complaint must be dismissed for failure to state a claim if the plaintiff fails to plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 127 S. Ct. at 1974. Of course, "[a] document filed *pro se* is 'to be liberally construed,' . . . and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 127 S. Ct. 2197, 2200 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

## III. DISCUSSION

The Court pauses to note that the only defendants listed in the complaint are the "Fort Bend County Jail" and the "Liberty County Jail." Under the federal rules, a party to a lawsuit must have the capacity to sue or be sued. *See* FED. R. CIV. P. 17; *Maxwell v. Henry*, 815 F. Supp. 213, 215 (S.D. Tex. 1993). It does not appear that, as departments of local government entities, either the Fort Bend County Jail or the Liberty County Jail enjoys the requisite "separate legal existence" to be subject to suit. *Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313 (5th Cir. 1991); *see also Jacobs v. Port Neches Police Dep't*, 915 F. Supp. 842, 844 (E.D. Tex. 1996) (noting that a Texas county sheriff's department is not a legal entity capable of being sued, "absent express action by the superior corporation (the

county, in the case of the sheriff's department) 'to grant the servient agency with jural authority'"); *Turner v. Dallas County Jail*, Civil No. 3:04-cv-2165 2006 WL 1388441, *3 (N.D. Tex. May 17, 2006) (acknowledging that the Dallas County Jail is not a "jural entity that can be sued").

In its order for a more definite statement, the Court asked Bell to identify individuals who were responsible for his injuries and the alleged denial of adequate medical care outlined in the complaint. Bell does not identify any individual officer, official, or jail employee as responsible for the injury outlined in his complaint. Likewise, he does not identify any particular health care provider or other party as responsible for denying him access to adequate medical care. Under these circumstances, the Court construes the plaintiff's complaint to be against Fort Bend County and Liberty County.

### A. Claims Involving Conditions at the Liberty County Jail

Liberally construed, Bell complains that he suffered physical harm as the result of overcrowding at the Liberty County Jail and that he was denied adequate medical care for the injury that he sustained in violation of his constitutional right, as a pretrial detainee, to be free from punitive conditions of confinement. *See Hare v. City of Corinth*, 74 F.3d 633, 639-40 (5th Cir. 1996) (observing that a pretrial detainee's rights are at least as great as the Eighth Amendment protections available to a convicted prisoner) (citing *Bell v. Wolfish*, 441 U.S. 520 (1979)). A substantial part, if not all, of the incidents outlined in the complaint are alleged to have occurred at the Liberty County Jail. Liberty County is located within the Eastern District of Texas, Tyler Division. *See* 28 U.S.C. § 124(c)(1). Because the alleged

5

civil rights violations have no connection to the Southern District of Texas, Houston Division, the plaintiff's complaint was not properly filed in this district. *See* 28 U.S.C. § 1391(b); *Mayfield v. Klevenhagen*, 941 F.2d 346, 348 (5th Cir. 1991).

A district court has the authority to transfer a case in the interest of justice to another district in which the action might have been brought. *See* 28 U.S.C. §§ 1404, 1406. In particular, § 1404 provides as follows:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it may have been brought.

28 U.S.C. § 1404(a). A district court has "broad discretion in deciding whether to order a transfer." *Balawajder v. Scott*, 160 F.3d 1066, 1067 (5th Cir.), *cert. denied*, 526 U.S. 1157 (1999). In the interest of justice, and for the convenience of the parties and witnesses, this Court concludes that the plaintiff's complaint against Liberty County should be severed from this case and transferred to the Eastern District, Tyler Division, where the plaintiff resides, pursuant to 28 U.S.C. §§ 1391(b)(2), 1404(a). The Court declines to transfer the claims against Fort Bend County, however, for reasons set forth briefly below.

### B. Claims Against Fort Bend County

Bell complains that Fort Bend County violated his constitutional rights by transferring him to the Liberty County Jail in May of 2007, where he was subsequently injured as the result of overcrowded conditions and denied adequate medical care. Bell complains that Fort Bend is liable because officials knew that the Liberty County Jail was crowded.

Assuming that his allegation is true, Bell's complaint does not state a valid claim

6

against Fort Bend County. As a unit of local government, Fort Bend County cannot be held liable under 42 U.S.C. § 1983 for the actions of officers or employees on a theory of *respondeat superior*. *Monell v. New York Dep't of Social Serv.*, 436 U.S. 658, 691 (1978). A municipality such as Fort Bend County is only liable under § 1983 for a deprivation of rights protected by the Constitution or federal laws that is inflicted pursuant to official policy. *Id.* at 694. Thus, municipal liability under § 1983 requires proof of three elements in addition to the underlying claim of a violation of rights: "a policymaker; an official policy; and a violation of constitutional rights whose 'moving force' is the policy or custom." *Cox v. City of Dallas, Tex.*, 430 F.3d 734, 748 (5th Cir. 2005) (citations omitted).

In this instance, Bell was reportedly transferred to the Liberty County Jail by Fort Bend County officials pursuant to a contract that was designed to relieve overcrowded conditions at the Fort Bend County Jail. To the extent that the contract constitutes an official policy, Bell complains that Fort Bend County is liable solely because it transferred him to another overcrowded facility. Bell's claim that Fort Bend County transferred him to an overcrowded facility does not state a claim because mere overcrowding — without more — is not *per se* unconstitutional. *See Rhodes v. Chapman*, 452 U.S. 337, 347-50 (1981) (observing that crowded conditions are not unconstitutional unless they rise to the level of cruel and unusual); *Collins v. Ainsworth*, 38 F.3d 529, 540 (5th Cir. 2004) (recognizing that overcrowded conditions for pretrial detainees are not unconstitutional unless they are unduly punitive). Because Bell has failed to allege facts showing that the conditions of his confinement amounted to a constitutional violation attributable to Fort Bend County, the

Court concludes that this portion of Bell's complaint must be dismissed for failure to state a claim upon which relief can be granted.

## IV. CONCLUSION AND ORDER

Accordingly, based on the foregoing, the Court **ORDERS** as follows:

1. The plaintiff's claims against Fort Bend County are **DISMISSED** with prejudice for failure to state a claim upon which relief can be granted.

2. The plaintiff's claims against Liberty County and its jail personnel are **SEVERED** from this case and **TRANSFERRED** to the Clerk of the United States District Court for the Eastern District of Texas, Tyler Division.

The Clerk will provide a copy of this order to the parties.

SIGNED at Houston, Texas, on July 29, 2009.

_____
Nancy F. Atlas
United States District Judge